UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

IN RE:

VERIFIED COMPLAINT OF GOD'S BLESSING LTD., legal owner, and ROGER WEST, beneficial owner, of a 2003 built 29.33-meter Pershing motor yacht named "*Exodus*", Cayman Islands Shipping Registry Official Number 745268, her engines, tackle, furniture, furnishings, tender, personal watercraft and appurtenances, for Exoneration from or Limitation of Liability,

   Petitioners.
_____/

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Plaintiffs, God's Blessing Ltd. and Roger West, as the legal and beneficial owners of a 2003 built 29.33-meter Pershing motor yacht named "*Exodus*", Cayman Islands Shipping Registry Official Number 745268, her engines, tackle, and appurtenances, file this Verified Complaint for Exoneration from or Limitation of Liability pursuant to Title 46 U.S.C. § 30501 *et seq.*, of the Shipowners Limitation of Liability Act, and allege:

  1.  This claim for exoneration from or limitation of liability is made pursuant to the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.,* and is within the admiralty and maritime jurisdiction of this Court pursuant to Title 28 U.S.C. § 1333(1).

2. Plaintiffs invoke Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for purposes of petitioning for the relief requested in this action.

3. At all material times, M/Y *Exodus* is a 2003 built 29.33-meter Pershing motor yacht registered as Cayman Islands Official Number 745268 ("*Exodus*" or "Vessel").

4. At all material times, *Exodus* is a "vessel" as defined by Title 1 U.S.C. § 3.

5. Plaintiffs invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46 U.S.C. § 30501 *et seq.*, regarding an accident that allegedly happened on September 16, 2019 wherein Kathy Salas ("Salas") asserts she injured her left foot while working on the Vessel

6. Plaintiffs petition this Court to exonerate them from all liability for Salas' alleged September 16, 2019 accident.

7. In the alternative, Plaintiffs petition the Court to limit their liability to the value of *Exodus* immediately following Salas' alleged September 16, 2019 accident.

8. At all times pertinent hereto, Plaintiff, God's Blessing Ltd., is a Cayman Islands company with its principal office in Grand Cayman.

9. At all times pertinent hereto, Plaintiff, Roger West ("West"), is a U.S. citizen.

10. At all times pertinent hereto, West is the principal shareholder of God's Blessing Ltd. and he is the beneficial owner of *Exodus*.

11. At all times pertinent hereto, West, is an "owner" of the Vessel as that term is defined and interpreted under the Shipowners Limitation of Liability Act, Title 46 U.S.C. § 30501, *et. seq*.

12. Plaintiff, West, is entitled to join in this action as an owner of the Vessel. See *Flink v. Paladini,* 49 S. Ct. 255 (1929); *In Re: Lady Jane, Inc.*, 818 F. Supp. 1470 (M.D. Fla. 1992); *In Re: Shell Oil Company*, 780 F. Supp. 1086 (E.D. La. 1991).

13. At all times prior to the alleged September 16, 2019 accident, Plaintiffs exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for their intended operations.

14. At all times material, Plaintiff, God's Blessing Ltd., employed James "Larry" Larman as the master of *Exodus*.

15. The Vessel's master hired Salas to serve as the Vessel's deck hand/stewardess for a four-day period beginning Friday, September 13, 2019 and ending on Monday, September 16, 2019.

16. Plaintiff, West, was not involved with hiring Salas.

17. On September 13, 2019 Salas helped move the Vessel from Deering Bay Marina in Miami-Dade County to the Boca Resort in Palm Beach County, Florida.

18. Ms. Salas did not work on the Vessel on September 14 or 15, 2019 because her services were not needed.

19. On September 16, 2019, Salas rejoined the Vessel at the Boca Resort and helped move the Vessel back to Deering Bay Marina.

20. Ms. Salas claims she injured her left foot on September 16, 2019 when she took an awkward step from the Vessel's aft stairs to the Vessel's swim platform while helping dock the Vessel.

21. No one else on board the Vessel witnessed Salas' alleged September 16, 2019 accident.

22. Plaintiff, God's Blessing Ltd., retained U.S. Maritime Consultants, Inc. to handle Salas' maintenance and cure payments.

23. Plaintiff, God's Blessing Ltd., is providing maintenance and cure to Salas and will continue to do so until she reaches maximum medical cure.

24. On September 27, 2019 Salas' lawyer sent a written notice of claim letter to Plaintiff's counsel and said that Salas was asserting a claim for damages against the Vessel's owner/operator.

25. The September 27, 2019 letter by Salas' lawyer constitutes the first written notice of claim regarding Salas' alleged September 16, 2019 accident.

26. This petition is timely filed within six (6) months of receipt of the first written notice of a claim concerning Salas' alleged accident.

27. While Plaintiff, West, did not receive a written notice of claim, he nevertheless joins in this Petition to assert his rights as a beneficial owner of the Vessel.

28. Plaintiffs are filing an Ad Interim Stipulation of Value and Stipulation for Costs for the amount of Plaintiffs' interest in the Vessel immediately after the incident together with interest at the rate of six percent (6%) per annum, from the date of the Ad Interim Stipulation and for costs.

29. The Vessel is currently located within the territory of the U.S. District Court for the Southern District of Florida.

30. Plaintiffs have satisfied all conditions precedent for filing this Petition.

## COUNT I
### PETITION FOR EXONERATION

31. Plaintiffs re-allege paragraphs 1 through 30 of the Verified Complaint as if more fully set forth herein.

32. At all times relevant to Salas' alleged September 16, 2019 accident, the Vessel was seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

33. At all times relevant to Salas' alleged September 16, 2019 accident, Plaintiff, God's Blessing Ltd., employed a fit captain and crew for the Vessel.

34. Plaintiffs' Vessel was reasonably manned, utilized and operated at all times relating to the alleged September 16, 2019 accident.

35. There was no negligence on the part of Plaintiffs, God's Blessing Ltd. or West, that caused or contributed to any alleged injury, loss or damage sustained by Salas or any other potential claimants.

36. At all times material, Plaintiffs, God's Blessing Ltd. and West, exercised reasonable care under the circumstances.

37. Pursuant to Supplemental Rule F, Plaintiffs, God's Blessing Ltd. and West, are entitled to exoneration from all liability relating to Salas' alleged September 16, 2019 or any other potential claim arising from the accident.

WHEREFORE, Plaintiffs, God's Blessing Ltd. and Roger West, request the following relief from the Court:

a. Enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Verified Complaint, citing them to

appear and answer the allegations of this Verified Complaint according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

   b. Enter an injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by, or consequent upon, the accident as set forth in this Verified Complaint, except in the present suit;

   c. Determine the amount of the value of the Vessel at the conclusion of the alleged September 16, 2019 accident described herein;

   d. Authorize the Vessel's owners to provide security for the benefit of all claimants; as provided for under Supplemental Admiralty Rule F(1);

   e. Adjudge and decree that Plaintiffs, God's Blessing Ltd. and Roger West, are not liable to any extent for the accident described herein and are exonerated from any and all responsibility, loss, damage, or injury for any claim whatsoever in any way arising out of the accident;

   f. That Plaintiffs, God's Blessing Ltd. and Roger West, may have such other and further relief as this Honorable Court deems just and proper.

## COUNT II – LIMITATION OF LIABILITY

   38. In the event the Court does not exonerate Plaintiffs, God's Blessing Ltd. and/or West, from all legal responsibility for the alleged September 16, 2019 accident as requested in Count I, Plaintiffs assert this alternative petition for relief to limit their liability for the accident to no more than the value of their interest in the Vessel immediately following the alleged accident.

   39. Plaintiffs, God's Blessing Ltd. and West, re-allege paragraphs 1 through 5 and 7 through 30 of the Verified Complaint as if fully set forth herein.

40. Pursuant to 46 U.S.C. §§ 30505 and 30511, Plaintiffs, God's Blessing Ltd. and West, are entitled to limitation of their liability to the amount or value of their interest in the Vessel as the accident occurred without their privity or knowledge within the meaning of Title 46 U.S.C. § 30505.

41. WHEREFORE, Plaintiffs, God's Blessing Ltd. and Roger West, demand the following relief from the Court:

a. Enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Verified Complaint, citing them to appear and answer the allegations of this Verified Complaint according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. Enter an injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by, or consequent upon, the accident as set forth in this Verified Complaint, except in the present suit.

c. Determine the amount of the value of the Vessel at the conclusion of the September 16, 2019 accident described herein;

d. Authorize the Vessel's owners to provide security for the benefit of all claimants as provided for under Supplemental Admiralty Rule F(1);

e. Adjudge and decree that if the Plaintiffs, God's Blessing Ltd. and/or Roger West, is adjudged liable, then such liability shall be limited to the value of their interest in the Vessel at the conclusion of the accident and be divided in accordance with the claimants as may duly prove their

claims, saving to all parties any priorities that they may be legally entitled and that a decree may be entered discharging God's Blessing Ltd. and/or Roger West of all further liability; and,

  f. That Plaintiffs, God's Blessing Ltd. and Roger West, may have such other and further relief as this Honorable Court deems just and proper.

Dated: March 12, 2020.

                Respectfully submitted,

                STROUP & MARTIN, P.A.
                Attorneys for Plaintiffs
                119 Southeast 12th Street
                Fort Lauderdale, Florida 33316
                Telephone: (954) 462-8808
                Facsimile: (954) 462-0278
                E-mail: fmartin@strouplaw.com
                E-mail: jstroup@strouplaw.com

                By: */s/ Farris J. Martin, III*
                   FARRIS J. MARTIN, III
                   Florida Bar No. 0879916
                   JAMES W. STROUP
                   Florida Bar No. 0842117

## **VERIFICATION**

  The undersigned, James W. Stroup, as counsel for Plaintiffs, God's Blessing Ltd. and Roger West, makes the following sworn statements:

  1. I am over 21-years old, currently licensed to practice law in the State of Florida by the Florida Bar, and a member in good standing with the U.S. District Court for the Southern District of Florida.

  2. I have performed due diligence, including speaking with Captain James "Larry" Larsman and other fact witnesses, regarding the facts and circumstances alleged in this Verified Complaint.

3. I declare that the document affirmed is true to the best of my knowledge, information and belief.

4. I am authorized to make this representation on behalf of Roger West and God's Blessing Ltd.

5. I am making this Verification on behalf of God's Blessing Ltd. and Roger West because neither Roger West or any corporate officer of God's Blessing Ltd. is present within this District.

Executed this 12th day of March 2020.

By: *s/ James W. Stroup*
James W. Stroup
Florida Bar No. 0842117