UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO: 1:20-CV-21092- CMA

IN RE:

COMPLAINT OF GOD'S BLESSING LTD.,
Legal Owner, and ROGER WEST, Beneficial
Owner, of a 2003 built 29.33-Meter Pershing
Motor Yacht named EXODUS Cayman Islands
Shipping Registry Official Number 745268,
Her Engines, Tackle, Furniture, Furnishings,
Tender, Personal Watercraft, and Appurtenances,
For Exoneration from or Limitation of Liability,

      Petitioners.

_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF RESPONDENT/CLAIMANT, KATHY SALAS

COMES NOW, Respondent/Claimant, KATHY SALAS, by and through her undersigned attorneys, and hereby files the following Answer and Affirmative Defenses in response to Plaintiffs/Petitioners', GOD'S BLESSING LTD., and ROGER WEST ("Petitioners"), Verified Complaint for Exoneration from or Limitation of Liability along with Claimant's Counter-Claims asserted against Petitioners in this matter and states as follows:

## ANSWER

1. Respondent/Claimant, KATHY SALAS (hereinafter "Claimant"), is without sufficient knowledge or information with which to answer paragraph 1 of the Verified Complaint and, therefore, denies same.

2. Claimant is without sufficient knowledge or information with which to answer paragraph 2 of the Verified Complaint and, therefore, denies same.

3. Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

4.  Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

5.  As paragraph 5 of the Verified Complaint is not an allegation, no response is required on behalf of the Claimant.

6.  As paragraph 6 of the Verified Complaint is not an allegation, no response is required on behalf of Claimant.

7.  As paragraph 7 of the Verified Complaint is not an allegation, no response is required on behalf of Claimant.

8.  Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

9.  Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

10. Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

11. Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

12. Claimant is without sufficient knowledge or information with which to answer paragraph 3 of the Verified Complaint and, therefore, denies same.

13. Claimant denies the material allegations of paragraph 13 of the Verified Complaint.

14. Claimant admits that James "Larry" Larrman was the master of the *M/Y EXODUS* at the time of the September 16, 2019 accident at issue in the Verified Complaint. Except as expressly admitted, Claimant is without sufficient knowledge or information with which to answer the remainder of paragraph 14 of the Verified Complaint and, therefore, denies same.

15. Claimant admits to the material allegations of paragraph 15 of the Verified Complaint/

16. Claimant denies the material allegations of paragraph 16 of the Verified Complaint.

17. Claimant denies the material allegations of paragraph 17 of the Verified Complaint.

18. Claimant admits that she did not work on the M/Y EXODUS on September 14 and 15, 2019. Except as expressly admitted, the remainder of paragraph 18 of the Verified Complaint is denied.

19. Claimant admits the material allegations of paragraph 19 of the Verified Complaint.

20. Claimant admits that she injured her left foot on September 16, 2019 while helping dock the M/Y EXODUS.  Except as expressly admitted, the remainder of paragraph 20 of the Verified Complaint is denied.

21. Claimant denies the material allegations of paragraph 21 of the Verified Complaint.

22. Claimant is without sufficient knowledge or information with which to answer paragraph 22 of the Verified Complaint and, therefore, denies same.

23. Claimant is without sufficient knowledge or information with which to answer paragraph 23 of the Verified Complaint and, therefore, denies same.

24. Claimant admits the material allegations of paragraph 24 of the Verified Complaint.

25. Claimant is without sufficient knowledge or information with which to answer paragraph 25 of the Verified Complaint and, therefore, denies same.

26. Claimant is without sufficient knowledge or information with which to answer paragraph 26 of the Verified Complaint and, therefore, denies same.

27. Claimant denies the material allegations of paragraph 27 of the Verified Complaint.

28. Claimant denies the material allegations of paragraph 28 of the Verified Complaint.

29. Claimant is without sufficient knowledge or information with which to answer paragraph 29 of the Verified Complaint and, therefore, denies same.

30. Claimant denies the material allegations of paragraph 30 of the Verified Complaint.

31. As paragraph 31 of the Verified Complaint is not an allegation, no response is required on behalf of Claimant.

32. Claimant denies the material allegations of paragraph 32 of the Verified Complaint.

33. Claimant denies the material allegations of paragraph 33 of the Verified Complaint.

34. Claimant denies the material allegations of paragraph 34 of the Verified Complaint.

35. Claimant denies the material allegations of paragraph 35 of the Verified Complaint.

36. Claimant denies the material allegations of paragraph 36 of the Verified Complaint.

37. Claimant denies the material allegations of paragraph 37 of the Verified Complaint.

38. As paragraph 38 of the Verified Complaint is not an allegation, no response is required on behalf of Claimant.

39. As paragraph 39 of the Verified Complaint is not an allegation, no response is required on behalf of Claimant.

40. Claimant denies the material allegations of paragraph 40 of the Verified Complaint.

41. Claimant [denies] the material allegations of paragraph 41 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act and all state law remedies, Claimant, in filing this Answer and Claim, reserves all rights to pursue all available

claims in the forum of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of these rights and defenses, and Claimant does not, through this filing, agree to join all issues in this proceeding.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act and all state law remedies, Claimant, in filing this Answer and Claim, reserves the right to move for bifurcation of this action so as to enable Claimant to select a court and/or forum of her choosing for all fact issues other than whether Petitioners were negligent, whether the M/Y EXODUS was unseaworthy, and whether such negligence and/or unseaworthiness were within Petitioners' knowledge or privity.

## FOURTH AFFIRMATIVE DEFENSE

Petitioners have failed to make out a prima facie case establishing that they are entitled to avail themselves of the Limitation of Liability Act.

## FIFTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act does not apply to this case, because, at all relevant times leading up to the subject accident, the M/Y EXODUS was known by Petitioners to be unseaworthy by virtue of its unsafe work practices and its lack of adequate crew training programs and safety policies and procedures in place which proximately caused Claimant's injuries.

## SIXTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act does not apply to this case, because, at all relevant times, the M/Y EXODUS was operated in a willful, wanton and reckless manner, or, alternatively, the

conduct and actions resulting in the subject September 19, 2019 accident and Claimant's resulting injuries were within Petitioners' privity and knowledge.

## SEVENTH AFFIRMATIVE DEFENSE

The Limitations of Liability Act does not apply to this case because the limited intended purpose of limitations proceedings renders such a proceeding inapposite for a case of this nature.

## EIGTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because the events culminating in the Claimant's injuries were the result negligent acts or fault within Petitioners' privity and knowledge of the Petitioners and/or Captain or crewmembers for whom Petitioners are responsible which took place with the Petitioners' privity and knowledge, and/or the unseaworthiness of the M/Y EXODUS.

## NIINTH AFFIRMATIVE DEFENSE

The events culminating in Claimant's injuries were not the result of any negligence or fault of the Claimant or of those for whom she was responsible.

## TENTH AFFIRMATIVE DEFENSE

The Ad Interim Stipulation filed by Petitioners herein is insufficient and should be increased pursuant to Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

Claimant reserves the right to contest the appraisal value of the M/Y EXODUS and/or its appurtenances, and the adequacy of the security thereof.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, this limitation proceeding should include any and all proceeds from insurance coverage on the M/Y EXODUS insuring Petitioners for events such as those underlying this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners as a result of the fault or alleged fault of said third party.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the M/Y EXODUS, subject to the control of the M/Y EXODUS and/or owned by Petitioners.

## FIFTEENTH AFFIRMATIVE DEFENSE

Claimant's right to maintenance and cure is unaffected by Petitioners' Verified Complaint, Petitioners are not entitled to exoneration from or limitation of  liability with respect to the maintenance and cure due to Claimant, and  Petitioners' liability for their refusal to provide maintenance and cure is not limited to the value of any of its M/Y EXODUSs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Petitioners are not entitled to exoneration from or limitation of liability with respect to wages due to Claimant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act is unavailable to Petitioners' insurer(s).

## COUNTERCLAIMS OF KATHY SALAS

AND NOW, specifically reserving all defenses asserted herein, Respondent/Claimant, KATHY SALAS (hereinafter "Claimant"), files her Counterclaims against Petitioners, GOD'S BLESSING LTD. and ROGER WEST, and in support thereof states that:

## JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, and Rule 9(h), Federal Rules of Civil Procedure involving an action for damages under the Jones Act, 46 U.S.C. § 30104, *et seq.* and the general maritime law of the United States, 46 U.S.C. § 30501, *et seq.*

2. At all times material hereto, Claimant, KATHY SALAS, was and is a citizen and resident of Florida and is otherwise competent to bring this action.

3. At all times material hereto, the M/Y EXODUS, official number 745268, was a 2003 29.33-meter Pershing motor yacht operating in the navigable waters along Miami-Dade County and Palm Beach County, Florida.

4. At all times material hereto, Petitioner, GOD'S BLESSING, LTD., was a foreign corporation, maintaining an office and/or carrying on business in the Miami-Dade and Palm Beach County, Florida, and was the owner, operator, charterer, and/or was otherwise in control of M/Y EXODUS.

5. That at all times material hereto, Petitioner, ROGER WEST, was and is a citizen and resident of the state of Florida.

6. That at all times material hereto, Petitioner, ROGER WEST, was the principal shareholder and corporate agent of Petitioner, GOD'S BLESSING, LTD., and the owner, operator, charterer, and/or was otherwise in control of M/Y EXODUS.

7. That at all times materials, Claimant was qemployed by Petitioners as a Jones Act "Seaman" in the capacity of a stewardess onboard and in the service of the M/Y EXODUS while traveling on navigable waters. 46 U.S.C. § 30104.

8. Jurisdiction is proper as Petitioners have asserted the same jurisdiction pursuant to their Complaint for Exoneration From, or Limitation of Liability and the Claimant claims damages in excess of $75,000.00.

9. Jurisdiction is further proper this claim is a compulsory counterclaim to the Petitioners' Complaint for Exoneration from, or Limitation of Liability under which Petitioners have alleged that this claim arises out of operating, navigating, and maintaining a personal watercraft.

10. This claim arises out of the same set of operational facts as does the Petitioners' Complaint for Exoneration from or Limitation of Liability.

11. Petitioners have already brought their action for exoneration from, or limitation of liability pursuant to 46 U.S.C. §§181-185 and the admiralty jurisdiction of this Court.

12. Venue is proper under 28 U.S.C. §1391 and Supplemental Rule F (9) as the events giving rise to the claim occurred on the navigable waters of the United States within this district, a substantial part of property that is the subject of the action, including the M/Y EXODUS, is situated within this district and Petitioners have brought their claim for exoneration from, or limitation of liability in this district.

13. The Claimant has complied with any and all conditions precedent to the maintenance of this action.

## FACTS GIVING RISE TO COUNTERCLAIMS

14. That at all times material hereto, Petitioners, GOD'S BLESSING LTD. and ROGR WEST, owned, operated, chartered, managed, navigated, controlled, maintained, and crewed, the M/Y EXODUS.

15. At all times material hereto, Petitioners, GOD'S BLESSING LTD., and ROGER WEST, were responsible for the navigation, chartering, operation, control, crew, pre-trip planning, maintenance, key shipboard operations, steering, docking, anchoring, line-handling, positioning, and propulsion of the M/Y EXODUS.

16. At all times material hereto, Petitioners employed James Larrman to serve as the Master/Captain of the M/Y EXODUS.

17. That Claimant was hired to serve as a steward/stewardess and crewmember of the M/Y EXODUS between September 13, 2019 and September 16, 2019.

18. That at all times material hereto, Claimant, KATHY SALAS, was acting in the course and scope of her employment as Jones Act Seaman with Petitioners aboard the M/Y EXODUS serving as a stewardess.

19. That at all times material hereto, Petitioner, ROGER WEST, in his individual capacity and in his capacity as an agent of Petitioner, GOD'S BLESSING, LTD., was in privity and knowledge of the manner in which the M/Y EXODUS was being operated.

20. That on September 13, 2019, the M/Y EXODUS was moved to the Boca Resort in Palm Beach County, Florida with Petitioner, ROGER WEST, present and aboard. While attempting to dock the M/Y EXODUS, the Master improperly steered and maneuvered, the

M/Y EXODUS without maintaining a proper lookout so that a crewmember and stewardess of the M/Y EXODUS was pinned between the M/Y EXODUS and the piling of the dock.

21. That on September 16, 2019, Claimant was serving as a crew member and steward/stewardess aboard the M/Y EXODUS as it set out from the Boca Resort in Palm Beach County, Florida to the Deering Bay Marina in Miami-Dade County, Florida operating in the waters off Deering Bay, Florida.

22. That despite observing the manner in which the M/Y EXODUS was operated and the above-referenced September 13, 2019 docking incident, ROGER WEST, in his individual capacity and on behalf of GOD'S BLESSING LTD., and his agents failed to prepare an adequate pre-trip plan and/or administer adequate training providing for the safe line handling, docking, anchoring, and lookout practices for the September 16, 2019 trip.

23. That during this trip, M/Y  EXODUS was again improperly navigated and operated towards the concrete dock/pier  of the Deering Bay Marina  for docking without having lines in place and/or available and otherwise permitted the improper attempt  to execute a poorly planned docking.

24. That in furtherance of efforts to complete this improper docking attempt, the Captain/Master of M/Y EXODUS, James Larrman, ordered Claimant, KATHY SALAS, to jump ship onto the concrete dock or pier to secure the ship and lines while M/Y EXODUS was still underway and moving, all of which Petitioners knowingly permitted and/or ordered in total disregard for the safety of the Claimant, KATHY SALAS.

25. Due to the negligence, lack of attention, want of care, failures, including in regards to training, and/or other breach of duties by Petitioners and their agents, servants, employees and/or contractors acting within the course and scope of their employment duties, in failing

11

to maintain the M/Y EXODUS in a safe condition, in permitting and directing unsafe work practices, in failing to establish and enforce safe pre-trip planning, line handling, anchoring, docking, and lookout practices, in failing to take the necessary measures to ensure docking lines were in place and/or available for docking, in failing to conduct proper pre-trip planning operations, and in executing a poorly planned docking effort along the concrete dock/pier of Deering Bay Marina, Claimant, KATHY SALAS, suffered severe injuries to her right foot when carrying out directions to secure the ship and lines.

26. As a result of the aforementioned incident, Claimant sustained severe injuries and suffered damages.

## <u>COUNT 1</u>
## <u>UNSEAWORTHINESS OF M/Y EXODUS CLAIM AGAINST PETITIONERS</u>

Claimant repeats, re-alleges, and incorporates paragraphs 1-26 above, as if stated herein and further alleges against Petitioners, GOD'S BLESSING LTD. and ROGER WEST:

27. This claim asserts cause of action against Petitioners, GOD'S BLESSING LTD. and ROGER WEST, for the M/Y EXODUS' unseaworthiness under General Maritime law, 46 U.S.C. §30505(b).

28. That at all times leading up to the subject accident, Petitioner, ROGER WEST, in his own capacity and on behalf of Petitioner, GOD'S BLESSING LTD., was aboard the M/Y EXODUS, was able to observe the manner in which M/Y EXODUS was operated and had knowledge of the conditions rendering the M/Y EXODUS prior to the subject accident occurred.

29. Throughout the September 16, 2019 voyage of the M/Y EXODUS, Claimant, KATHY SALAS, was acting within the course and scope of her employment as a Seaman and

stewardess and was performing her normal duties on board the M/Y EXODUS while the M/Y EXODUS was under way.

30. At all times material hereto, Petitioners owed Claimant an absolute and non-delegable duty to ensure the seaworthiness of the M/Y EXODUS its equipment, appurtenances, and crew member as reasonably fit for their intended purposes and performing the M/Y EXODUS's functions. *See Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 94 (1946) ("finding that "the obligation of seaworthiness is exclusively that of the ship owner."); *see also,   Usner v. Luckenbach Overseas Corp.,* 400 U.S. 494, 498–500, (1971).

31. At all times material hereto, Petitioners, owed a duty to ensure, among other things, that the M/Y EXODUS was operated only in areas that were safe for the prudent and intended navigation and operation.  *See In re Complaint of Messina,* 574 F.3d 119, 126 (2d Cir. 2009).

32. At all times material hereto, Petitioners also owed a duty to exercise diligence in ensuring safe work practices, to provide adequate training for the crew members and the Master/Captain, and to implement procedures or guidelines that would provide the crew members and the Master/Captain with the requisite training, skill and knowledge to safely perform the task at hand and key operations. *See, e.g., Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1565-77 (11th Cir. 1985) (finding that operational negligence of the crew "became the responsibility of the owner when it failed to train its crew"); *see also, Trico Marine Assets v. Diamond B Marine Services*, 332 F. 3D 779 (5th Cir. 2003).

33. In this regard, Petitioners likewise had a duty to adequately "train[ ] or supervise[e]" its crew or create a safe environment with respect to line handling" docking, and anchoring operations.  *In re Moran Towing Corp.*, 984 F.Supp.2d 150, 181 (S.D.N.Y. 2013); *see*

13

*also, In re Complaint of Sea Wolf Marine Towing & Transp., Inc.,* 2007 WL 3340931 (S.D.N.Y. Nov. 6, 2007).

34. That Petitioners breached these duties owed to Claimant rendering the M/Y EXODUS unseaworthy by virtue of one or more of the following acts or omissions:

    a. failing to reasonably inspect, maintain and/or repair the M/Y EXODUS, its equipment, appurtenances and its cargo;

    b. failing to ensure that crew members were adequately trained, experienced, supervised, monitored and equipped for the task at hand;

    c. failing to provide adequate training to crew members regarding safe and proper trip planning, line handling, docking anchoring and lookout practices;

    d. failing to implement procedures, guidelines, and/or policies for the safe and proper trip planning, line handling, docking, anchoring, and lookout practices;

    e. failing enforce and require adherence with policies, guidelines, and /or procedures for safe and proper trip planning, line handling, docking, anchoring, and lookout practices;

    f. failing to implement policies and procedures regarding pre-trip planning to account for safe docking and anchoring measures;

    g. failing to train the M/Y EXODUS crew members on how safely and properly perform their assigned tasks on the M/Y EXODUS;

    h. allowing anchoring, line-handling, and docking tasks to be assigned and carried out by crew members who lacked the necessary training and experience to do so safely;

    i. failing to establish and provide retraining and review procedures for the M/Y EXODUS crew members following the occurrence of an accident;

j.  permitting the operation of the M/Y EXODUS in an unsafe, negligent and careless manner;

k.  failing to ensure that the M/Y EXODUS was sufficiently crewed by individuals who were adequately trained, experienced, supervised, and equipped for the task at hand;

l.  failing to arrange for a pre-trip plan that accounted for safe and proper docking, line-handling, and anchoring  of the M/Y EXODUS at Deering Bay Marina;

m.  permitting the M/Y EXODUS to embark on the September 16, 2019 voyage without a proper pre-trip plan in place to account for docking, line-handling, and anchoring at the Deering Bay Marina;

n.  permitting the operation of the M/Y EXODUS toward the concrete dock/pier of the Deering Bay Marina to dock the M/Y EXODUS without having lines in place and/or available;

o.  permitting Claimant jump ship onto the concrete dock/pier to secure the M/Y EXODUS and lines while the M/Y EXODUS was still underway;

p.  failing to implement and provide retraining and review procedures for crew members following the occurrence of an accident; and/or

q.  failing to create or enforce sound operations and management practices necessary to provide its crew with a safe place to work.

35. That as a direct and proximate result of the Petitioners' aforementioned breaches of duties in ensuring the M/Y EXODUS' conditions of seaworthiness, Claimant suffered severe injuries to her foot/leg resulting in Chronic Regional Pain Syndrome (CRPS) and sustained damages including without limitation:

a.   Bodily injuries;

b.   pain and suffering,

c.   disability,

d.   disfigurement,

e.   emotional distress,

f.   mental anguish,

g.   aggravation of a previously existing condition,

h.   loss of capacity of the enjoyment of life,

i.   expense of hospitalization, medical or nursing care or treatment,

j.   loss of past and future earnings, and/or

k.   Loss of ability to earn money.

These losses are permanent and continuing and Claimant has and will continue to suffer such losses in the future.

36. That Claimant demands trial by jury for all issues so triable.

WHEREFORE, Claimant, KATHY SALAS, prays that her right to jury trial be preserved in any forthcoming personal injury action; that she be allowed to make due proof of her claims against Petitioners, GOD'S BLESSING LTD. and ROGER WEST, for all losses and compensatory damages, unearned wages, attorneys' fees, statutory interest as permitted, pre-judgement interest as permitted, costs as permitted, in an amount in excess of US $75, 000.00 , that Petitioners', GOD'S BLESSING LTD. and ROGER WEST,  right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

## COUNT II

## NEGLIGENCE OF PEITIONER, GOD'S BLESSING LTD., WITHIN ITS PRIVITY AND/OR KNOWLEDGE

Claimant, KATHY SALAS, repeats, re-alleges, and incorporates paragraphs 1-26 above, as if stated herein and further alleges against Petitioner, GOD'S BLESSING LTD.:

37. This claim asserts cause of action against  Petitioner, GOD'S BLESSING LTD., for negligence under the Jones Act  and General Maritime law, 46 U.S.C. §§ 30104, 30505(b).

38. At all times material hereto, Petitioner, GOD'S BLESSING LTD., owed a duty of care to Claimant to provide a reasonably safe workplace on the M/Y EXODUS and to use ordinary care to operate, handle, and maintain the M/Y EXODUS in a relatively safe condition. 46 U.S.C. § 30104.

39. As part of the above-duty, Petitioner, GOD'S BLESSING LTD., also owed a duty of care to use due and proper care to provide a competent crew and Captain/Master.  46 U.S.C. § 30505(b); *see also, Hercules Carriers, Inc.,* 768 F.2d at 1570-76.

40. As part of the above-duty, Petitioner, GOD'S BLESSING LTD., also owed a duty to Claimant to exercise diligence in selecting, training, or supervising crew members and the Captain/Master. 46 U.S.C. § 30505(b); *see Potomac Transp., Inc. v. Ogden Marine, Inc.,* 909 F.2d 42, 46 (2d Cir.1990) ("the failure of a ship's master to exercise diligence in selecting, training, or supervising crew members whose [acts or omissions] contribute to an accident is proper ground to deny limitation of liability); *see also, Harrington v. Atlantic Sounding Co., Inc.,*2013 WL 94815, at *7 (E.D.N.Y. January 7, 2013) (finding Jones Act negligence where employer "provided no instruction or training to its crew as to how best to perform the [maritime] task [at hand] ...").

41. As part of the above-duty, Petitioner, ROGER WEST, also owed a duty to Claimant to exercise diligence in selecting, training, or supervising crew members and the

Captain/Master. 46 U.S.C. § 30505(b); *see Potomac Transp., Inc. v. Ogden Marine, Inc.,* 909 F.2d 42, 46 (2d Cir.1990) ("the failure of a ship's master to exercise diligence in selecting, training, or supervising crew members whose [acts or omissions] contribute to an accident is proper ground to deny limitation of liability").

42. As part of the above-duty, Petitioner, GOD'S BLESSING LTD.,  also owed a duty to Claimant to ensure, among other things, that the M/Y EXODUS was properly and sufficiently manned by a Captain/Master and crew members who were adequately trained, experienced, supervised, and equipped for the task at hand given that its agent, ROGER WEST, was present on the M/Y EXODUS for the September 13, 2019 docking incident that resulted in another crew member becoming pinned against a dock piling merely three days before Claimant's accident. 46 U.S.C. § 30104; *see also, Harrington v. Atlantic Sounding Co., Inc.,*2013 WL 94815, at *7 (E.D.N.Y. January 7, 2013) (finding Jones Act negligence where employer "provided no instruction or training to its crew as to how best to perform the [maritime] task [at hand] ...").

43. As part of the above-duty, Petitioner, GOD'S BLESSING LTD., also owed a duty to provide and maintain reasonably safe equipment, safe working areas and passageways, adequate safety measures and training, proper job design and procedures for performing work safely, and risk analysis to identify and correct foreseeable dangers. 46 U.S.C. § 30104; *see, e.g., Joyce v. Atlantic Richfield Co.*, 651 F.2d 676 (10th Cir. 1981); *see also, Complaint of Cameron Boat Rentals, Inc.,* 683 F. Supp. 577, 585 (W.D.La.1988).

44. At all times material hereto, Petitioner, GOD'S BLESSING LTD., knew or should have known of the unsafe condition in which the M/Y EXODUS was maintained since its corporate agent, ROGER WEST, was aboard the M/Y EXODUS and observed the manner

in which it was operated in the days leading up to Claimant's accident and was present for the vessel's September 13, 2019 docking incident resulting in another crew member becoming pinned against a dock piling merely three days prior to the Claimant's accident.

45. At all times material hereto, it was foreseeable to Petitioner, GOD'S BLESSING LTD., that a breach of the aforementioned duties by way of maintaining the M/Y EXODUS in an unsafe condition would create a zone of risk or an increased risk of serious bodily harm as Petitioner's corporate agent, ROGER WEST, was present for  and observed firsthand how such breaches by way of improper maneuvering, steering,  line handling, anchoring, docking, and lookout practices caused another crew member to become pinned against a concrete dock piling on September 13, 2019, just three days before the subject accident.

46. That at all times material hereto, Petitioner, GOD'S BLESSING LTD., had sufficient opportunity to correct such unsafe conditions prior to the September 16, 2019 accident when its agent, ROGER WEST, was aboard the M/Y EXODUS and was able to observe and rectify such unsafe conditions and the consequences thereof prior to the accident.

47. That, nevertheless, Petitioner, GOD'S BLESSING LTD., in its own capacity, and/or through its agents, servants, and/or employees, including ROGER WEST and the M/Y EXODUS Master/Captain, James Larrman, breached the aforementioned duties and failed to correct the M/Y EXODUS's unsafe conditions  through one or more of the following acts or omissions:

    a.   failing to properly navigate the M/Y EXODUS;

    b.   failing to implement proper and adequate policies guidelines and/or procedures for safe and proper trip planning, line handling, docking, anchoring and lookout practices;

c.  permitting the operation of the M/Y EXODUS in an unsafe, negligent and careless manner;

d.  failing to provide the crew of the M/Y EXODUS with a safe place to work with proper and adequate machinery, crew, and equipment;

e.  failing to exercise due care and caution;

f.  failing to promulgate and/or enforce adequate safety policies and/or procedures aboard the M/Y EXODUS;

g.  failing to promulgate and enforce adequate policies, procedures, and/or guidelines for safe and proper trip planning, line-handling, docking,  anchoring, and lookout practices to be followed by the M/Y EXODUS's Captain/Master and crew;

h.  failing to implement policies and procedures regarding required pre-trip planning practices to account for safe and proper docking and anchoring at the close of the trip;

i.  failing to properly train, instruct and/or supervise the captain, agents and crewmembers of the M/Y EXODUS;

j.  failing to train M/Y EXODUS crew members on how safely and properly perform their assigned tasks on the M/Y EXODUS;

k.  allowing anchoring, line-handling, and docking tasks to be assigned and carried out by  crew members who lacked the necessary training and experience to do so safely;

l.  failing to adequately monitor the Master/captain of the M/Y EXODUS;

m.  failing to implement and provide retraining for the  crew following the occurrence of an accident;

n.  permitting the M/Y EXODUS to embark on the September 16, 2019 voyage without a proper pre-trip plan in place to account for safe docking and anchoring at the Deering Bay Marina;

o.  failing to take the necessary measures to ensure docking lines were in place and/or available for docking;

p.  permitting improper and unsafe steering, docking, anchoring, line-handling, and lookout practices to be followed by captain and crew members of the M/Y EXODUS ;

q.  permitting the M/Y EXODUS to be operated toward the concrete dock/pier of the Deering Bay marina to dock the M/Y EXODUS without having lines in place and/or available;

r.  permitting the captain to direct crew members, particularly claimant, to carry out line-handling, anchoring and docking tasks in an unsafe and dangerous manner;

s.   permitting  Claimant to jump ship onto the concrete dock/pier to secure the M/Y EXODUS and lines while the M/Y EXODUS was still underway;

t.  failing to keep a proper, safe, and vigilant lookout when Claimant was securing the M/Y EXODUS and lines as instructed;

u.  failing to avoid injury of the crew of the M/Y EXODUS;  and/or

v.  failing to create or enforce sound operations and management practices necessary to provide its crew with a safe place to work.

48. The aforesaid acts of negligence resulting in the M/Y EXODUS's unsafe condition were occasioned within the privity and knowledge of Petitioner, GOD'S BLESSING LTD., as based on its agent, ROGER WEST's, presence aboard the M/Y EXODUS and his firsthand

observations of its unsafe conditions during the time leading up to the September 16, 2019

accident. *See The M/V Sunshine, II v. Beavin*, 808 F.2d 762 (11th Cir. 1987).

49.  As a direct and proximate result of Petitioner, GOD'S BLESSING LTD.'s, breaches, Claimant suffered severe injuries to her foot/leg resulting in Chronic Regional Pain Syndrome and  sustained damages including but not limited to the following:

    a.   bodily injuries

    b.   pain and suffering,

    c.   disability,

    d.   disfigurement,

    e.   emotional distress,

    f.   mental anguish,

    g.   aggravation of a previously existing condition,

    h.   loss of capacity of the enjoyment of life,

    i.   expense of hospitalization, medical or nursing care or treatment,

    j.   loss of past and future earnings, and/or

    k.   Loss of ability to earn money.

These losses are permanent and continuing and Claimant has and will continue to suffer such losses in the future.

50. That Claimant demands trial by jury for all issues so triable.

        WHEREFORE, Claimant, KATHY SALAS, prays that her right to jury trial be preserved in any forthcoming personal injury action; that she be allowed to make due proof of her claims against Petitioner, GOD'S BLESSING LTD., for all losses and compensatory damages, unearned wages, attorneys' fees, statutory interest as permitted, pre-judgement interest as

permitted, costs as permitted, in an amount in excess of US $75, 000.00 , that Petitioner, GOD'S BLESSING LTD.'s, right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

## COUNT III
## NEGLIGENCE OF PETITIONER, ROGER WEST, WITHIN HIS PRIVITY AND/OR KNOWLEDGE

Claimant, KATHY SALAS, repeats, re-alleges, and incorporates paragraphs 1-26 above, as if stated herein and further alleges against Petitioner, ROGER WEST:

51. This claim asserts a cause of action for negligence against Petitioner, ROGER WEST, under the Jones Act and general Maritime Law, 46 U.S.C. §§ 30104, 30505(b).

52. At  all times material hereto, Petitioner, ROGER WEST, owed a duty of care to Claimant provide a reasonably safe workplace on the M/Y EXODUS and to use ordinary care to operate, handle, and maintain the M/Y EXODUS in a relatively safe condition. 46 U.S.C. § 30104.

53. As part of the above-duty, Petitioner, ROGER WEST, also owed a duty of care to use due and proper care to provide a competent crew and Captain/Master. 46 U.S.C. § 30505(b); *Hercules Carriers, Inc.,* 768 F.2d at 1558-76.

54. As part of the above-duty, Petitioner, ROGER WEST, also owed a duty to Claimant to exercise diligence in selecting, training, or supervising crew members and the Captain/Master. 46 U.S.C. § 30505(b); *see Potomac Transp., Inc.,* 909 F.2d at 46 ("the failure of a ship's master to exercise diligence in selecting, training, or supervising crew members whose [acts or omissions] contribute to an accident is proper ground to deny limitation of liability").

55. As part of the above-duty, Petitioner, ROGER WEST, also owed a duty to Claimant to ensure, among other things, that the M/Y EXODUS was properly and sufficiently manned

by a Captain/Master and crew members who were adequately trained, experienced, supervised, and equipped for the task at hand having been present on the M/Y EXODUS for the September 13, 2019 docking incident that resulted in another crew member becoming pinned against a dock piling merely three days before Claimant's accident. 46 U.S.C. § 30104; *see also, Harrington,* 2013 WL 94815, at *7 (finding Jones Act negligence where employer "provided no instruction or training to its crew as to how best to perform the [maritime] task [at hand] ...").

56. As part of the above-duty, Petitioner, ROGER WEST, also owed a duty to provide and maintain reasonably safe equipment, safe working areas and passageways, adequate safety measures and training, proper job design and procedures for performing work safely, and risk analysis to identify and correct foreseeable dangers. 46 U.S.C. § 30104; *see, e.g., Joyce,* 651 F.2d at 676*; see also*, *Complaint of Cameron Boat Rentals, Inc.,* 683 F. Supp. at 585 (finding operational errors "are imputable to the owner where they are the natural consequence of the owner's unwritten policies.").

57. At all times material hereto, Petitioner, ROGER WEST, knew or should have known of the unsafe condition in which the M/Y EXODUS was maintained, having been aboard the M/Y EXODUS observing the manner in which it was operated in the days leading up to Claimant's accident and having been present for the vessel's September 13, 2019 docking incident resulting in another crew member becoming pinned against a dock piling merely three days prior to the Claimant's accident.

58. At all times material hereto,  it was foreseeable to Petitioner, ROGER WEST, that  a breach of the aforementioned duties by way of maintaining the M/Y EXODUS in an unsafe condition would create a zone of risk or an increased risk of serious bodily harm as Petitioner,

ROGER WEST, was aboard and able to observe firsthand how such breaches by way of improper maneuvering, steering, line handling, anchoring and docking practices caused another crew member to become pinned against a concrete dock piling on September 13, 2019, just three days before the subject accident.

59. That at all times material hereto, Petitioner, ROGER WEST, had sufficient opportunity to correct such unsafe conditions prior to the September 16, 2019 accident when Petitioner, ROGER WEST, was aboard the M/Y EXODUS and was able to observe and rectify its unsafe conditions and the consequences thereof prior to the accident.

60. That, nevertheless, Petitioner, ROGER WEST, in his own capacity and/or by and through his agents, employees, and/or contractors, namely, the M/Y EXODUS Master, James Larrman, breached the aforementioned duties and failed to correct the M/Y EXODUS's unsafe conditions through one or more of the following acts or omissions:

    a.   failing to properly navigate the M/Y EXODUS;

    b.   failing to implement proper and adequate policies guidelines and/or procedures for safe and proper trip planning, line handling, docking, anchoring and lookout practices ;

    c.   permitting the operation of the M/Y EXODUS in an unsafe, negligent and careless manner;

    d.   failing to provide the crew of the M/Y EXODUS with a safe place to work with proper and adequate machinery, crew, and equipment;

    e.   failing to exercise due care and caution;

    f.   failing to promulgate and/or enforce adequate safety policies and/or procedures aboard the M/Y EXODUS;

g.  failing to promulgate and enforce adequate policies, procedures, and/or guidelines for safe and proper trip planning, line-handling, docking,  anchoring, and proper lookout practices to be followed by the M/Y EXODUS' Captain/Master and crew;

h.  failing to implement policies and procedures regarding required pre-trip planning operations that accounted for arranging safe and proper docking and anchoring at the close of the September 16, 2019 trip;

i.  failing to properly train, instruct and/or supervise the Captain/Master, agents and crewmembers of the M/Y EXODUS;

j.  failing to train M/Y EXODUS crew members on how safely and properly perform their assigned tasks on the M/Y EXODUS;

k.  allowing anchoring, line-handling, and docking tasks to be assigned and carried out by  crew members who lacked the necessary training and experience to do so safely;

l.  failing to adequately monitor the Master/Captain of the M/Y EXODUS;

m.  failing to implement and provide retraining for the crew members following the occurrence of an accident;

n.  permitting the M/Y EXODUS to embark on the September 16, 2019 voyage without a proper pre-trip plan in place to account for safe docking and anchoring at the Deering Bay Marina;

o.  failing to take the necessary measures to ensure docking lines were in place and/or available for docking;

p.  permitting improper and unsafe steering, docking, anchoring, line-handling, and lookout practices to be followed by Master/Captain and crew members of the M/Y EXODUS ;

q.  permitting the M/Y EXODUS to be operated toward the concrete dock/pier of the Deering Bay Marina to dock the M/Y EXODUS without having lines in place and/or available;

r.  permitting the captain to direct crew members, particularly claimant, to carry out line-handling, anchoring and docking tasks in an unsafe and dangerous manner;

s.   Permitting  Claimant to jump ship onto the concrete dock/pier to secure the M/Y EXODUS and lines while the M/Y EXODUS was still underway;

t.  failing to keep a proper, safe, and vigilant lookout when Claimant was securing the M/Y EXODUS and lines as instructed;

u.  failing to avoid injury of the crew of the M/Y EXODUS;  and/or

v.  failing to create or enforce sound operations and management practices necessary to provide its crew with a safe place to work.

61. The aforesaid acts of negligence resulting in the M/Y EXODUS's unsafe condition were occasioned within the privity and knowledge of Petitioner, ROGER WEST, as based on presence aboard the M/Y EXODUS and his firsthand observations of its unsafe conditions during the time leading up to the September 16, 2019 accident. *See Beavin*, 808 F.2d at 762.

62. As a direct and proximate result of Petitioner, ROGER WEST's, breaches, Claimant suffered severe injuries to her foot/leg resulting in Chronic Regional Pain Syndrome (CRPS) and  sustained damages including but not limited to the following:

a.  bodily injuries

b.  pain and suffering,

c.  disability,

d.  disfigurement,

e.   emotional distress,

f.   mental anguish,

g.   aggravation of a previously existing condition,

h.   loss of capacity of the enjoyment of life,

i.   expense of hospitalization, medical or nursing care or treatment,

j.   loss of past and future earnings, and/or

k.   Loss of ability to earn money.

These losses are permanent and continuing and Claimant has and will continue to suffer such losses in the future.

63. That Claimant demands trial by jury for all issues so triable.

WHEREFORE, Claimant, KATHY SALAS, prays that her right to jury trial be preserved in any forthcoming personal injury action; that she be allowed to make due proof of her claims against Petitioner, ROGER WEST, for all losses and damages in an amount in excess of US $75,000.00 plus prejudgment interest and costs; that Petitioner, ROGER WEST's, right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

## **PRAYER FOR RELIEF**

WHEREFORE, Claimant, KATHY SALAS, prays that, after due proceedings, this Honorable Court:

a.   Dismiss Petitioners' Verified Complaint seeking Exoneration from or Limitation of Liability and lift the injunction or restraining order currently in place in this matter;

b.  Alternatively, require Petitioners to deposit additional security in the form of a cash deposit into the registry of the Court, so that the total amount deposited, determined by appraisal of a commissioner appointed by the Court, reflects the full value of all vessels under common operation, control, and enterprise of Petitioners;

c.  Permit Claimant to make due proof of her claims against Petitioners, GOD'S BLESSING LTD. and ROGER WEST, for all losses and/or damages in an amount in excess of US $75,000.00, plus prejudgment interest and costs;

d.  Permit Claimant to proceed and prosecute her claims without prepayment of costs;

e.  Render judgment herein in favor of Claimant, and against Petitioners, both jointly and severally, for all damages as are warranted, interest accrued on such damages since September 16, 2019, and for all costs of these proceedings;

f.  Preserve Claimant's right to jury trial in any forthcoming personal injury action;

g.  Petitioner's right for exoneration from or limitation of liability be denied; and

h.  Order such other and further relief deemed just and proper under the circumstances.

## <u>RESERVATION OF RIGHT TO TRIAL BY JURY</u>

Claimant, KATHY SALAS, hereby expressly reserves her right to proceed to trial before a jury in any forthcoming personal injury action for the September 16, 2019 accident at issue herein.

Respectfully submitted,

/s/ Ronald D. Rodman
  RONALD D. RODMAN
  Florida Bar No. 664332
  Email: ronrod@frflawgroup.com
  lgeraghty@frflawgroup.com
  frflawservice@frflawgroup.com
  Friedman, Rodman & Frank, P.A.
  3636 West Flagler Street

Miami, Florida 33135
Telephone 305-448-8585
Facsimile 305-448-9818
Attorneys for Respondent/Claimant, Kathy Salas

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2020 a true and correct copy of the foregoing

was served via email, in accordance with Federal Rule of Civil Procedure 5(d) and Local Rule

26.1(b), on all counsel or parties of record on the attached service list.

/s/ Ronald D. Rodman
RONALD D. RODMAN
Florida Bar No. 664332
Email: ronrod@frflawgroup.com
lgeraghty@frflawgroup.com
frflawservice@frflawgroup.com
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, Florida 33135
Telephone 305-448-8585
Facsimile 305-448-9818
Attorneys for Respondent/Claimant, Kathy Salas

## SERVICE LIST
## for In Re: Complaint of God's Blessing Ltd., et al.
CASE NO: 1:20-CV-21092- CMA

Farris J. Martin II, Esq.
Stroup & Martin PA
fmartin@stroupmartin.com
119 NE 12th Street
Fort Lauderdale, FL 33316
Telephone: 954-462-8808
Attorneys for Plaintiffs/Petitioners